UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EURAL DEWAYNE DEBBS, SR.,

                     Plaintiff,

   v.

HARBORVIEW MEDICAL CENTER, *et al.*,

                     Defendants.

Case No. C12-479-JLR-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Eural Debbs is currently confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. He has filed a *pro se* civil rights action under 42 U.S.C. § 1983 to allege violations of his constitutional rights and state law related to medical care he has received during the course of his incarceration at KCCF. One of the named defendants, Harborview Medical Center (hereinafter "Harborview"), seeks dismissal of all claims asserted

REPORT AND RECOMMENDATION - 1

against it in plaintiff's amended civil rights complaint.[1]  Plaintiff opposes the motion to dismiss. The Court, having reviewed defendant's motion, plaintiff's response thereto, and the balance of the record, concludes that defendant Harborview's motion to dismiss should be granted.

## DISCUSSION

Plaintiff alleges in his amended complaint that two doctors employed by the Neurology Department at Harborview misdiagnosed him, breached the duty owed to him, deviated from normal procedures while providing him care, and treated him differently than they would have treated a white patient under the same circumstances.  Plaintiff contends that Harborview is liable for the substandard medical care provided by the two doctors on the grounds that it failed to properly train its medical employees.  Plaintiff further contends that Harborview has a policy of permitting unlawful discrimination against African-American patients.

Harborview moves to dismiss this action.  Harborview offers numerous arguments in support of its motion to dismiss, but the Court need address only one; *i.e.*, that defendant Harborview is not amenable to suit under § 1983.

The Washington Courts have recognized that Harborview is a division of the University of Washington and is therefore an arm of the state.  *See Hontz v. State*, 105 Wn.2d 302, 310 (1986).  The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983.  *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

In addition, it is well established that, under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens.  *See Edelman v. Jordan*,

---

[1] Defendant Harborview also seeks a stay of discovery and an extension of the deadline to respond to plaintiff's pending discovery requests until after the motion to dismiss has been finally resolved.  This Court deems the requested stay and extension of time appropriate and therefore GRANTS these motions (Dkt. Nos. 49 and 54).

REPORT AND RECOMMENDATION - 2

415 U.S. 651, 662-63 (1974).  The State of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here.  *See Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982).  Because Harborview is properly considered an agency of the State of Washington, the instant civil rights action is essentially one against the state itself and is therefore barred under the Eleventh Amendment.  *See Regents of the University of California v. Doe*, 519 U.S. 425, 429-31 (1997).  Accordingly, Harborview's motion to dismiss any claims asserted under 42 U.S.C. § 1983 should be granted.

<u>Pendant State Law Claims</u>

To the extent plaintiff's amended complaint asserts claims which can reasonably be construed as asserting violations of state law, the Court declines to address such claims.  The Supreme Court has stated that federal courts should refrain from exercising their pendent jurisdiction when the federal claims are dismissed before trial.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

<u>CONCLUSION</u>

Based upon the foregoing, this Court recommends that defendant Harborview's motion to dismiss be granted.  This Court further recommends that all federal constitutional claims asserted against defendant Harborview be dismissed with prejudice and that all state law claims be dismissed without prejudice.   A proposed order accompanies this Report and Recommendation.

DATED this <u>21st</u> day of August, 2012.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE

REPORT AND RECOMMENDATION - 3