UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EURAL DEWAYNE DEBBS, SR., <br><br>                    Plaintiff, <br><br>    v. <br><br> HARBORVIEW MEDICAL CENTER, *et al*., <br><br>                    Defendants. | Case No. C12-479-JLR-JPD <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983.  This matter is now before the Court on plaintiff's requests for preliminary injunctive relief.  Defendants have not been served with copies of the requests for injunctive relief and therefore have not had an opportunity to respond.  However, in this instance, because plaintiff's requests for injunctive relief are clearly without merit, the Court deems a response unnecessary.  This Court, having reviewed plaintiff's amended complaint, and his requests for injunctive relief, concludes that plaintiff's requests for preliminary injunctive relief should be denied.

REPORT AND RECOMMENDATION - 1

DISCUSSION

Plaintiff is currently confined at the King County Correctional Facility ("KCCF") in Seattle, Washington.  Plaintiff asserts in his amended complaint that medical providers at KCCF have demonstrated deliberate indifference to his serious medical needs.  Plaintiff, in his requests for injunctive relief, asks that the KCCF Commander and medical staff be ordered to transport plaintiff to Swedish Hospital so that the Neurology Department can admit plaintiff into its care and perform tests, including Magnetic Resonance Imaging and brain scans, in order to determine the full extent of plaintiff's brain and spinal injuries.  (*See* Dkt. Nos. 16 and 29.)

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's request for injunctive relief fails to meet this standard.  Plaintiff alleges that he has been subjected to cruel and unusual punishment because of defendants' failure and/or refusal to provide necessary medical care.  However, at this juncture, plaintiff has demonstrated, at most, that he disagrees with the type of treatment he has received from defendants.  It is well established that differing opinions on medical treatment do not amount to a violation under the Eighth Amendment.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)).  Absent some evidence of deliberate indifference, which does not yet appear in the record, there can be no Eighth Amendment violation.  *See*

REPORT AND RECOMMENDATION - 2

*McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992).  Accordingly, plaintiff has not demonstrated that he is likely to succeed on the merits of his constitutional claim.

Plaintiff also fails to demonstrate that he is likely to suffer irreparable harm absent the requested injunction.  Plaintiff complains that he is receiving no care or treatment at the King County Jail.  However, the record does not support this assertion.  Documents attached to plaintiff's amend complaint suggest that he is evaluated by members of the medical staff when he raises his concerns in an appropriate fashion.  Moreover, it appears that plaintiff, in his requests for preliminary injunctive relief, is simply seeking additional testing to determine what his current medical condition is.  The suggestion that plaintiff will suffer irreparable harm if his current condition, whatever it may be, is not diagnosed and treated, is speculative at best.

Because plaintiff clearly fails to establish in his requests for preliminary injunctive relief a likelihood of success on the merits or a likelihood of irreparable injury, the Court need not address the two remaining components of the standard set forth above.

## CONCLUSION

Based upon the foregoing, this Court recommends that plaintiff's requests for preliminary injunctive relief be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 21st day of August, 2012.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3