1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EURAL DEWAYNE DEBBS, SR.,

                          Plaintiff,

       v.

HARBORVIEW MEDICAL CENTER, *et al*.,

                          Defendants.

Case No. C12-479-JLR-JPD

ORDER RE: PLAINTIFF'S PENDING
MOTIONS

       This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff has filed

numerous motions which are currently awaiting review by this Court.  The Court, having

considered plaintiff's motions, and the balance of the record, does hereby find and ORDER as

follows:

       (1)     Plaintiff's motion for appointment of counsel (Dkt. No. 13) is DENIED.[1]  There is

no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the

Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in*

---

[1] Plaintiff's motion to disregard defendant's response to his motion for appointment of counsel (Dkt. No. 39) is construed as a reply in support of plaintiff's motion for appointment of counsel and is STRICKEN from the calendar.

ORDER STRIKING PLAINTIFF'S
PENDING MOTIONS - 1

*forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2)     Plaintiff's motions to amend his complaint (Dkt. Nos. 15, 37, 38, 46 and 58) are STRICKEN. Plaintiff seeks to amend his complaint to add new claims and/or new defendants to this action. However, plaintiff failed to submit a proposed amended complaint with any of his motions to amend. Any motion to amend which is not accompanied by a proposed amended complaint is procedurally deficient and will not be considered. If plaintiff wishes to pursue amendment of his complaint, he must submit a new motion to amend together with a proposed amended complaint which sets forth each claim plaintiff wishes to pursue against each named defendant.

Plaintiff is reminded that in order to sustain a civil rights action under § 1983 he must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to satisfy

ORDER STRIKING PLAINTIFF'S
PENDING MOTIONS - 2

the second prong, plaintiff must allege sufficient facts to demonstrate that each named defendant was acting under color of state law.  Plaintiff must also allege sufficient *specific* facts to demonstrate that each named defendant personally participated in causing plaintiff harm of federal constitutional dimension.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Vague and conclusory allegations of harm are not sufficient to state a claim under § 1983.

(3)     Plaintiff's motion for summary judgment (Dkt. No. 17) is STRICKEN.  Plaintiff filed his motion for summary judgment only a week after this Court issued its order directing service on the defendants identified by plaintiff in his amended complaint.  At that time, none of the defendants had yet appeared in this action.  Plaintiff also identified in his motion for summary judgment two defendants who were not specifically identified in the amended complaint and who, therefore, have not yet been served.  Plaintiff's motion for summary judgment is therefore premature.  Plaintiff may re-submit his summary judgment motion after all defendants against whom he seeks judgment have appeared in this action.  Plaintiff is advised that any future summary judgment motion must fully comport with the requirements of Local Rule CR 7 which the current motion does not.[2]

(4)     Plaintiff's motion for the Court to monitor discovery in this case (Dkt. No. 27) is DENIED.  Plaintiff, in the instant motion, expresses his concern that defendants will attempt to manipulate the discovery process to their own advantage and he requests that all parties therefore be required to submit all discovery to the Court.  The Federal Rules of Civil Procedure and the Local Rules of this Court set forth procedures for dealing with alleged discovery disputes and/or

---

[2] The Court notes that since filing his motion for summary judgment, plaintiff has filed a number of declarations in support of that motion.  Plaintiff is advised that he may not litigate any future summary judgment motion in such a piecemeal fashion.

ORDER STRIKING PLAINTIFF'S
PENDING MOTIONS - 3

abuses.  Requiring the parties to submit all discovery to the Court at the same time as it is served on the opposing party will add nothing to this process.

(5)     Plaintiff's motion for appointment of a federal investigator (Dkt. No. 28) is DENIED.  Plaintiff asks that a federal investigator be assigned to this case, apparently to identify possible violations of the criminal law by the named defendants.  This Court has no authority to appointment an investigator for the purpose proposed by plaintiff.

(6)     Plaintiff's motion for entry of default (Dkt. No. 44) is DENIED.  Plaintiff seeks entry of default against defendant Harborview Medical Center based on its alleged failure to timely respond to plaintiff's complaint.  However, the record reflects that defendant Harborview Medical Center filed a timely motion to dismiss on July 10, 2012.  Plaintiff's motion for default is therefore moot.

(7)     Plaintiff's motion to compel (Dkt. No. 45) is STRICKEN.  Plaintiff seeks to compel responses to various discovery requests which he previously submitted to the Court for filing.  The Court first notes that plaintiff's motion to compel is defective because he failed to comply with the requirements of Fed. R. Civ. P. 37.  Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures.  *See* Fed. R. Civ. P. 37(a)(1).  Plaintiff did not submit the requisite certification with his motion to compel and, thus, the motion is procedurally deficient.

The Court also notes that plaintiff failed to properly serve any of his discovery requests on defendants.  Filing discovery requests with the Court, as plaintiff has done, does not constitute proper service.  Plaintiff should familiarize himself with the discovery rules before proceeding

ORDER STRIKING PLAINTIFF'S
PENDING MOTIONS - 4

further with this aspect of his case.  Any future discovery requests which are submitted to the Court will be returned to plaintiff.

(8)      Plaintiff's motions for sanctions (Dkt. Nos. 59, 60, 62 and 64) are DENIED. Plaintiff has filed a number of motions in which he appears to seek the imposition of sanctions against defendants based upon what he believes was the improper release of his confidential medical records.  However, as far as this Court can discern, the medical records at issue are records related to plaintiff's February 10, 2012 admission to Harborview Medical Center.  These records were apparently provided to plaintiff by counsel for Haborview Medical Center. Plaintiff fails to make clear how the release of his own medical records directly to him constitutes sanctionable conduct.  Plaintiff's requests for sanctions are frivolous.

(9)      Finally, the Court notes that all of the motions addressed above were procedurally defective because plaintiff failed to serve copies of the motions on defendants and he also failed to note the motions for consideration as required by the local rules of this court.  *See* Local Rule CR 7(b)(1).  The Court elected to address the motions in this instance as most were frivolous and did not require any response from defendants.  Plaintiff is advised, however, that from this point forward, any motion which does not fully comply with the Local Rules of this Court will be stricken.

(10)     The Clerk is directed to send copies of this Order to plaintiff, to all counsel of record, and to the Honorable James L. Robart.

DATED this 21st day of August, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER STRIKING PLAINTIFF'S
PENDING MOTIONS - 5